```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

        -against-                      MEMORANDUM & ORDER
                                       14-CR-0264-10(JS)
ROMMEL LOBBAN,

                    Defendant.
-----------------------------------X
APPEARANCES

For Defendant:      Rommel Lobban, Pro Se
                    Reg. No. 85442-053
                    FCI Berlin
                    Federal Correctional Institution
                    Inmate Mail/Parcels
                    P.O. Box. 9000
                    Berlin, New Hampshire  03570

For United States:  No Appearance
```

SEYBERT, District Judge:

Defendant Rommel Lobban ("Defendant"), proceeding pro se, has filed a letter with the Court asking it "to put in whatever paperwork" is required of the Court in order that one year of Defendant's sentence be removed (hereafter, the "Reduction Letter Motion"). (See ECF No. 820.) In support of said Reduction Letter Motion, Defendant baldly asserts he has been incarcerated since 2014, had COVID during the Pandemic, and a "Covid Relief Plan" applies to him such that he is eligible for the one-year reduction in his sentence. (Id.) Alternatively, Defendant requests the appointment of counsel. (See id.) Having considered the Reduction Letter Motion, for the reasons articulated herein, Said Motion is DENIED without prejudice.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the [Bureau of Prisons ("BOP")], or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); see also United States v. Thrower, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020). "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) [F]actors warrant reduction." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)). "A defendant's failure to exhaust administrative remedies is a threshold matter preventing the [c]ourt from considering a Section 3582 application[, i.e., a motion for compassionate release]." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)); see also United States v. Torres, No. 16-CR-0500, 2022 WL 538323, at *2 (S.D.N.Y. Feb. 23, 2022) ("Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies.") (quoting United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020)). And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering

> the remaining requirements." Hunter, 2022 WL 2288688, at *1 (citing Keitt, 21 F.4th at 72-73).

United States v. Yong, No. 95-CR-0825, 2024 WL 3648259, at *3 (E.D.N.Y. Aug. 5, 2024). Although no statute is cited, given the context of his pro se submission and construing it liberally, the Court presumes Defendant is seeking a sentence reduction pursuant to the First Step Act. His request is unavailing. As a threshold matter, Defendant has failed to demonstrate he has exhausted his administrative remedies. Therefore, the Court declines to consider the Reduction Letter Motion on this basis.

To the extent Defendant's Reduction Letter Motion can be construed as seeking First Step Act earned time credits, it is equally unavailing. Defendant must first make that request to the BOP. It is for the BOP to make credit determinations; "the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations." United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998). Indeed, "[i]t is the United States Attorney General, who in turn delegated responsibility to the Bureau of Prisons (BOP), and not the federal courts, who are charged with the first opportunity to determine whether [defendant] is entitled to the credit he alleges." DeVivo v. Mance, No. 08-CV-0673, 2009 WL 2882937, at *6 (N.D.N.Y. July 20, 2009) (citations omitted)). But, again, Defendant has "failed to establish that he exhausted his administrative remedies" by

first making this request of BOP; therefore, his request to this Court, via his Reduction Letter Motion, is premature.[1]  Id.

To the extent Defendant seeks earned time credits based upon a "Covid Relief Plan" or some other bases, e.g., participation in evidence-based recidivism reduction programming or productive activities, the BOP's Administrative Remedy Program is available to him.  Said Program allows an inmate to seek formal review of issues relating to any aspect of his own confinement, including the application of earned time credits.  See FED. BUREAU OF PRISONS, U.S. DEP'T OF JUSTICE, PROGRAM STATEMENT NO. 1330.18, ADMIN. REMEDY PROGRAM, 1(a) Purpose (Jan. 6, 2014), available at https://www.bop.gov/policy/progstat/1330_018.pdf.  Filing a Form BP-9 begins the formal process of the Administrative Remedy Request; filing Form BP-10 begins the initial appeal process of the Administrative Remedy Request.

---

[1] Further, the Court notes a Section 2241 habeas petition "is the proper procedural mechanism by which a prisoner submits a claim of sentence credit to the Court." DeVivo, 2009 WL 2882937, at *6. Further, "a Section 2241 habeas petition must be brought in the district where the petitioner is imprisoned." Yong, 2024 WL 3648259, at *7 (E.D.N.Y., 2024) (citing Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); see also United States v. Sessum, No. 15-CR-0667, 2023 WL 3319424, at *5 (S.D.N.Y. May 9, 2023) ("[Defendant] must file a petition pursuant to 28 U.S.C. § 2241 in the district where he is serving his sentence . . . in order to challenge the execution of his sentence, including the computation of sentence credits." (citation omitted)).  Thus, because Defendant is currently incarcerated in New Hampshire, any Section 2241 petition he seeks to pursue should be brought in the federal district court in New Hampshire.

Finally, to the extent Defendant seeks appointment of counsel: "[A] defendant has no right to the assistance of counsel in filing a motion for compassionate release . . . ." United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021); see also United States v. Manso-Zamora, 991 F.3d 694, 696 (6th Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."); United States v. Romano, 707 F. Supp. 3d 233, 234 n.1 (E.D.N.Y. 2023) (in court's discretion, denying defendant's request for appointment of counsel to assist in pursuing motion for compassionate release). Thus, considering Defendant's present request and in its discretion, the Court declines to appoint Defendant counsel.

-*-*-*-

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Reduction Letter Motion (ECF No. 820) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve Defendant with a copy of this Order, including the notation "LEGAL MAIL" on the mailing envelope.

                                      **SO ORDERED.**

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: February 27, 2025
      Central Islip, New York